UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| BAR HARBOR BANK & TRUST, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 2:18-cv-00351-JDL |
| | ) |
| Fishing Vessel PHOENIX, Off. No. | ) |
| 1028554, her engines, machinery, | ) |
| equipment, masts, etc. *in rem*, | ) |
| | ) |
| and | ) |
| | ) |
| CHRISTOPHER A. WITHAM, | ) |
| | ) |
| Defendants. | ) |

## JUDGMENT OF FORECLOSURE AND SALE

Property Address: 67 Bellevue Street, Owls Head, Knox County, Maine
(Book 3989, Page 112)

After notice and opportunity for hearing on the Plaintiff's Motion for Summary and Default Judgment (ECF No. 11), the Court finds that there is no genuine issue as to any material fact, and that Plaintiff Bar Harbor Bank & Trust is entitled to judgment against Defendant Christopher A. Witham ("Mr. Witham") as to Counts II, III, IV, V, and VI, but not as to Count VII. The Court further finds as follows:

### COUNTS II and III, IV

1. Mr. Witham has breached the conditions of the Vessel Note, Vessel Mortgage, and Security Agreement dated March 14, 2013, and further described in a UCC-1 Financing Statement filed with the Maine Secretary of State, Filing No. 2050001723823, as amended by filings 2100002007475-38 and 20150204109000157-37.

2. The Plaintiff is due a principal balance of **$28,770.61** and accrued interest of **$5,019.65** (as of January 28, 2019), with additional interest accruing on the principal balance at the rate of $9.58221 per day, and other charges pursuant to the terms of the Vessel Note and Security Agreement.

3. That the order of priority and amount of those claims appearing before the Court are as follows:

Bar Harbor Bank & Trust - **$33,790.26** with additional interest and other charges accruing on this claim at the above stated above.

It is therefore **ORDERED** that judgment is entered in favor of Bar Harbor Bank & Trust and against Mr. Witham as to Counts II, III, and IV, in the amount of **$33,790.26** (as of January 28, 2019). Interest on the Vessel Note accrues at the per diem rate of $9.58221. Plaintiff, its successors and assigns, shall be entitled to exclusive possession of the personal property described in the UCC-1 Financing Statement, with a Writ of Possession to issue forthwith. Plaintiff may sell that same property pursuant to 11 M.R.S.§ 9-1601, et seq. (2019), and disburse the proceeds of the sale, after deducting the expense thereof, first to Bar Harbor Bank & Trust, plaintiff, its successors and assigns, in the amount of the total claim due plus accrued interest and other charges to the date of the sale, second to parties-in-interest, if any, that have appeared in the amount to be determined in accordance with any further order of this Court, and the surplus, if any, to the clerk of courts to be held for Mr. Witham.

## COUNTS V and VI

1. Mr. Witham has breached the conditions of the Residential Mortgage by defaulting on the Mortgage Note secured by the Residential Mortgage dated October 8, 2009, and recorded in the Knox County Registry of Deeds in Book 3989, Page 112.

2. The Plaintiff is due a principal balance of **$101,431.69** and accrued interest of **$17,636.85** (as of January 28, 2019); with additional interest accruing on the principal balance at the rate of $33.78238 per day, and other charges pursuant to the terms of the Mortgage Note and Residential Mortgage.

3. That the order of priority and amount of those claims appearing before the Court are as follows:

Bar Harbor Bank & Trust - **$119,068.54**, with additional interest and other charges accruing on this claim at the above stated rate.

It is therefore **ORDERED** that judgment is entered in favor of Plaintiff and against Mr. Witham as to Counts V and VI, in the amount of **$119,068.54** (as of January 28, 2019). Interest on the Mortgage Note accrues at the per diem rate of $33.78238. It is hereby ordered and decreed that if Mr. Witham, his heirs and assigns, do not pay to Plaintiff, its successors and assigns, the amount of the total claim due together with accrued interest and other charges as set forth above within ninety (90) days of the date hereof, then the Plaintiff, its successors and assigns, shall be entitled to exclusive possession of the real estate described in Book 3989, Page 112 of the Knox

County Registry of Deeds, and Plaintiff may sell that same real estate located at 67 Bellevue Street, Owls Head, Knox County, Maine pursuant to 14 M.R.S. § 6321, et seq. (2019), and disburse the proceeds of the sale, after deducting the expense thereof, first to Bar Harbor Bank & Trust, plaintiff, its successors and assigns, in the amount of the total claim due plus accrued interest and other charges to the date of the sale, second to parties-in-interest, if any, that have appeared in the amount to be determined in accordance with any further order of this Court, and the surplus, if any, to the clerk of courts, to be held for Mr. Witham pursuant to 14 M.R.S. § 6324.

## COUNT VII

Finally, the Plaintiff asserts a claim of unjust enrichment against Mr. Witham for the total value of the unpaid principal and interest on the Vessel Mortgage, Security Agreement, and Residential Mortgage. But "[t]he existence of a contractual relationship between the parties that addresses the sums in dispute 'precludes recovery on a theory of unjust enrichment.'" *Knope v. Green Tree Servicing, LLC*, 2017 ME 95, ¶ 13, 161 A.3d 696, 700, as revised (Nov. 30, 2017) (quoting *Nadeau v. Pitman*, 1999 ME 104, ¶ 14, 731 A.2d 863, 867). Accordingly, the Plaintiff is not entitled to judgment as a matter of law as to the unjust enrichment claim.

## ATTORNEY FEES

Plaintiff is awarded attorney fees in the amount of **$7,041.91** on Counts II-VI of its Complaint.

## AS TO ALL COUNTS

The information required by 14 M.R.S. § 2401(3) is as follows:

1. Plaintiff shall be responsible for recording this judgment in the Knox County Registry of Deeds and for the payment of the recording fees.

2. The names and addresses of the parties to this action, including counsel of record, are as follows:

| **PARTY** | **COUNSEL** |
|---|---|
| Bar Harbor Bank & Trust<br>1 Main Rd N<br>Hampden, ME 04444 | Allison A. Economy, Esq.<br>Rudman Winchell<br>P.O. Box 1401<br>Bangor, ME 04402-1401 |
| F/V PHOENIX<br>c/o Christopher Witham<br>67 Bellevue Street | N/A |

Owls Head, ME 04854

Christopher Witham                N/A
67 Bellevue Street
Owls Head, ME 04854

3.    The docket number assigned to this action by the United States District Court for the District of Maine is 2:18-cv-00351-JDL.

4.    All parties in this action have received notice of these proceedings in accordance with the applicable provisions of the Federal Rules of Civil Procedure.

5.    The real estate which is the subject matter of these proceedings is located at 67 Bellevue Street, Owls Head, Knox County, Maine, and is more particularly described in the mortgage recorded in the Knox County Registry of Deeds in Book 3989, Page 112.

6.    The personal property which is the subject matter of these proceedings is located in Owls Head, Maine and more particularly described in UCC Financing Statements 2050001723823, 2100002007475-38 and 20150204109000157-37.

7.    The Plaintiff is granted exclusive possession of the said real property upon expiration of the statutory ninety (90) day redemption period. If Mr. Witham has not redeemed the mortgage by that date, Mr. Witham's right to possession shall terminate in accordance with 14 M.R.S. § 6323 and a Writ of Possession shall issue to the Plaintiff or its assign for possession of said property.

**SO ORDERED.**

**Dated this 22nd day of March, 2019**

                                                               **/s/ JON D. LEVY**
                                                          **CHIEF U.S. DISTRICT JUDGE**

## CLERK'S CERTIFICATION

I certify that the appeal period expired on _____ without action.

Dated:                                         _____
                                             CLERK, UNITED STATES DISTRICT COURT